**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

FILED

SEP 03 2015

DAVID CREWS, CLERK
BY_____
　　　　　Deputy

UNITED STATES OF AMERICA

V.  　　　　　　　　　　　　　　　　　　　CRIMINAL NO. 1:15-cr-00092-MPM-DAS

WILLIAM PAUL RHODES

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to waive Indictment and plead guilty under oath to Count One of an Information, which charges defendant did devise and intend to devise a scheme to defraud the Mississippi Department of Environmental Equality, and to obtain money by means of false and fraudulent pretenses, representatives and promises, that is, WILLIAM PAUL RHODES submitted false invoices, claiming dump site clean-ups and removal for fictitious and non-existent dump sites, through the United States Postal Service, to the Mississippi Department of Environmental Equality, in violation of Section 1341 of Title 18 of the United States Code, which carries maximum possible penalties of twenty (20) years imprisonment, three (3) years supervised release, $250,000.00 fine, restitution in the amount of loss, and a special assessment of $100.00.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3. RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. MONETARY PENALTIES: The defendant agrees not to object to the District Court ordering all monetary penalties (including but not limited to special assessment, fine, court costs, and restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable immediately, the defendant also agrees not to object to the District Court imposing a schedule of payments as merely a minimum schedule of payments and neither the only method nor a limitation on the methods available to the United States to enforce the judgment. The defendant further agrees that any monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

5. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

6. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS: Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255, excepting allegations of ineffective assistance of counsel and prosecutorial misconduct. Defendant waives these rights in exchange for the concessions made by the United States in this plea agreement.

7. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

8. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The

defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 27th day of July, 2015.

_____
FELICIA C. ADAMS
United States Attorney
Mississippi Bar No. 1049

**AGREED AND CONSENTED TO:**

_____
WILLIAM PAUL RHODES
Defendant

**APPROVED:**

_____
GREGORY D. KEENUM
Attorney for Defendant
Mississippi Bar No. 3542